NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  04a0052n.06
Filed:  October 28, 2004

Case No. 03-6281

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Plaintiff-Appellant, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| v. | ) | |
| | ) | |
| PARKE GOINS, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.*

STAFFORD, District Judge.  Appellant, the United States of America (the "government"), appeals the sentence given to the defendant, Parke Goins ("Goins"), following his guilty plea to dealing in firearms without a license to do so.  Specifically, the government appeals the district court's five-level downward departure from the sentencing guidelines.  We vacate and remand for resentencing.

I.

On June 5, 2002, Goins was charged with four counts of firearms violations occurring between May, 2001, and April 17, 2002.  In Count One, Goins was charged with willfully engaging in the unlicensed business of dealing in firearms, including but

* The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

not limited to those firearms identified in the remaining three counts, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). Goins pleaded guilty to Count One on March 26, 2003. The government agreed to move for dismissal of the remaining three counts at the time of sentencing.

On September 2, 2003, after filing a motion for downward departure, Goins appeared before the district court for sentencing. At the time of sentencing, Goins was 69 years old. In 1997, he suffered a heart attack that required quadruple bypass surgery. He suffers from diabetes and psoriasis; has been diagnosed with coronary artery disease, congestive heart failure and hypertension; has poor circulation in his legs which causes him to use a cane to walk at times; and takes daily medication, including nitroglycerin tablets, for his various conditions. In the district court's words:

> [Defendant is] 69 years old; he has got congestive heart failure, hypertension, coronary artery disease, diabetes, psoriasis; he has got all kinds of problems; [he's] as gray as he can be. He looks like he has got some problems with circulation just looking at him right now. He doesn't look well at all. He came in here staggering on a cane. He doesn't belong in the penitentiary.

J.A. at 93.

Pursuant to U.S.S.G. § 2K2.1, the probation officer calculated Goins's base offense level to be twelve (12). That base offense level was increased six (6) levels pursuant to U.S.S.G. § 2K2.1(b)(1)(C) for possession of between twenty-five (25) and ninety-nine (99) firearms. Taking into account a three-level reduction for acceptance of responsibility, Goins's adjusted total offense level was fifteen (15). With a criminal history category I, Goins's guideline range for imprisonment was eighteen (18) to twenty-

four (24) months.  Pursuant to U.S.S.G. § 5B1.1(b), Goins was not eligible for a sentence of probation.

Rejecting the government's objections to a downward departure, the district court sentenced Goins to probation for a term of five (5) years.  The district court explained:

> It is felt that this sentence of probation will afford more than adequate deterrence and provide just punishment in your case, particularly in lieu, in view of the fact that you are in a very fragile physical condition, not only by your appearance, but by what I have learned about your medical problems. You look frail.  You look pale; you look sick.  I find that that is an extraordinary physical impairment.  It gives me reason to impose a sentence below the applicable guideline range that you are seriously infirm.  Home detention is as efficient and certainly is less costly than prison.  You have diabetes, psoriasis, coronary artery disease, congestive heart failure, hypertension.  You are required to use a cane because of arthritis of the right hip, poor circulation in your legs.  You take medication for all these conditions, that you have to use nitroglycerin for severe chest pain on a regular basis.

J.A. at 100.

The government filed a timely notice of appeal on September 29, 2003.

II.

18 U.S.C. § 3742(e) spells out the standard of review as follows:

> The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and, except with respect to determinations under subsection (3)(A) or (3)(B), shall give due deference to the district court's application of the guidelines to the facts.  With respect to determinations under subsection (3)(A) or (3)(B), the court of appeals shall review de novo the district court's application of the guidelines to the facts.

Subsection (e)(3)(B) provides that "the court of appeals shall determine whether the

sentence..is outside the applicable guideline range, and...departs from the applicable guideline range based on a factor that (i) does not advance the objectives set forth in section 3553(a)(2); or (ii) is not authorized under section 3553(b); or (iii) is not justified by the facts of the case."

In *United States v. Johnson*, 71 F.3d 539, 544-45 (6th Cir. 1995), *cert. denied*, 517 U.S. 1113 (1996), the court explained how to review departures as follows:

> In reviewing departures from the guideline range, we apply a three-part test: (1) whether the case is sufficiently unusual to warrant departure, a legal question subject to de novo review; (2) whether the circumstances, if legally sufficient, are actually present, a factual question subject to a clearly erroneous standard of review; (3) whether the direction and degree of departure is reasonable.

### III.

A sentencing court must impose a sentence within the applicable guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." *United States v. Reed*, 264 F.3d 640, 646 (6th Cir. 2001), *cert. denied*, 122 S. Ct. 1374 (2002). The guidelines provide that both age and physical condition may be valid grounds for a downward departure. Specifically, U.S.S.G. § 5H1.4 provides, in relevant part:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

U.S.S.G. § 5H1.1 provides:

> Age (including youth) is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

*See also Johnson*, 71 F.3d at 545 (noting that,"[l]egally, we find it possible that an aged defendant with a multitude of health problems may qualify for a downward departure under § 5H1.4...[but] such downward departures are rare").

In *United States v. Tocco*, 200 F.3d 401, 434 (6th Cir. 2000), the defendant was 72 at the time of his original sentencing, and he was suffering from "debilitating health," including arteriosclerotic disease, coronary artery disease, hypertension, renal insufficiency, labrynthitis, and diverticulosis, all of which required periodic monitoring. The district court granted a four-level downward departure on the basis of the defendant's age and health. On appeal, this court remanded the case to the district court with instructions to "make more specific findings as to whether defendant has 'an extraordinary physical impairment,' or combination of impairments, worthy of departure." *Id.* at 435. The district court was also instructed that its findings should be based upon "independent and competent medical evidence to determine the extent of Tocco's infirmities." *Id.* Furthermore, the district court was told to consider "the prison system's ability or inability to accommodate" the defendant's infirmities. *Id.* On remand, the district court found that the defendant's physical infirmities were not so extraordinary as to warrant a downward departure. *See United States v. Tocco*, 306 F.3d 279, 295 (6th Cir. 2002) (explaining that the district court's refusal--on remand--to depart downward on the basis of Tocco's health was unreviewable).

In *Johnson*, the district court granted a departure based on the 65-year-old defendant's medical problems, including diabetes, hypertension, hypothyroidism, ulcers, potassium loss and major depressive disorder, all conditions for which he was receiving medication. 71 F.3d at 544-45. As in *Tocco*, this court remanded the case to the district court for "more thorough fact-finding as to defendant's medical condition." *Id.* at 544. Specifically, the district court was directed to

> make more specific findings as to whether defendant has 'an extraordinary physical impairment,' or combination of impairments, worthy of departure. Toward this end, more evidence than the letters produced by the defendant [one from his treating physician and one from his psychiatrist] may be necessary to determine the extent of defendant's infirmities and the prison system's ability or inability to accommodate them."

*Id.* at 545.

In *United States v. Bostic*, 371 F.3d 865, 869-70 (6th Cir. 2004), the district court granted the defendant's motion for a downward departure, departing downward eleven (11) levels based on the defendant's age (82) and infirmities (emphysema, anemia, and coronary artery disease). The United States appealed. This court reviewed the departure for plain error because the government had failed to make an explicit objection to the departure at the time of sentencing. *Id.* at 871. The court of appeals concluded that the district court indeeed committed plain error by granting an eleven-level downward departure without complying with the methodology set forth in *Johnson* and *Tocco*. *Id.* at 877. The defendant's sentence was accordingly vacated, and the case was remanded for resentencing. *Id.*

Consistent with *Tocco, Johnson*, and *Bostic*, when considering a downward

departure for medical reasons, a district court must determine (1) whether the defendant has demonstrated, by independent medical evidence, that his or her medical condition is exceptional or outside the heartland of similar cases; and (2) whether the BOP can efficiently and economically accommodate the defendant's medical needs. At the sentencing hearing in this case, neither Goins nor the district court referred to the medical records that were attached to Goins's motion to depart. Those medical records, moreover, contain very little information about Goins's medical condition in 2003 when he was sentenced. They also do not contain a physician's opinion as to Goins's current condition. Indeed, in granting Goins's departure motion, it appears that the district court relied not at all on an independent medical evaluation of Goins's condition. Rather, the district court relied on its own visual inspection of Goins and on Goins's testimony about his various ailments. Furthermore, the district court failed to address whether the BOP would be able to accommodate Goins's medical needs. The district court thus failed to comply with the requirements of *Johnson* and *Tocco*, making a remand for resentencing necessary.

## IV.

For the foregoing reasons, we conclude that the district court erred by granting Goins's departure motion without making the findings required by the applicable caselaw. Accordingly, we VACATE Goins's sentence and REMAND for resentencing.